A sub-purchaser who has not fully paid the price of land purchased, cannot resist the lien of the first vendor for the consideration remaining unpaid by his vendor—he is not an innocent purchaser without notice.

## Hunt vs Brand's Heirs.

APPEAL FROM THE BOURBON CIRCUIT.

*Lien.  Assignor and assignee.  Assignments.  Purchaser.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

BRAND sold and conveyed a tract of land to Towles, but a part of the purchase money remained unpaid. Towles sold and conveyed a portion of the tract to Chas. V. Higgins, and several parcels to others. Higgins paid a portion of the consideration, and executed his note to Towles for the balance, which Towles afterwards sold and assigned to Hunt, for a valuable consideration. Neither Higgins nor Hunt had notice that any portion of the consideration of Brand's sale to Towles had not been paid, or that a lien was claimed upon the land for the same, at the time of the sale and conveyance to Higgins, or at the time of the assignment of Higgins' note to Hunt.

The Circuit Court sustained the lien, decreeing in favor of Higgins, a credit on his note assigned to Hunt, for the amount, and Hunt has appealed to this Court.

We are clear that the lien was properly sustained.

The amount of the lien which rests upon the parcel of land purchased by Higgins, and which is sought to be enforced out of it, in this suit by Brand's heirs, is greatly less than the unpaid consideration of Higgins' purchase, secured by the note assigned to Hunt; if, therefore, it were conceded that the payment of the entire consideration, before noticed, was not necessary to constitute Higgins an innocent purchaser, such as would enable him to resist such a lien, which we are not prepared to decide, an amount was unpaid at the time of notice, more than sufficient to cover and discharge the lien, and to indemnify him against its payment, he cannot conscienciously resist the elder equity of the heirs to enforce their lien. Indeed, though he has the naked legal title, he has no equity which can compete with the equity of the com-

plainants' asserting their lien. Had the note remained in the hands of Towles, instead of equity, it would be obviously iniquitous and unjust, for Higgins to pay after notice of the lien, and Towles to receive the residue of the consideration, without paying the balance of the consideration for the very land, a part of which he had sold to Higgins. Had Towles attempted to enforce the collection of the note, without paying the consideration of his purchase, Higgins would have the most unquestionable right to enjoin and restrain the collection until such payment was made, or to retain in his own hands an amount sufficient to pay it. Nor can we perceive that Hunt, as assignee of the note, stands in a better condition than his assignor, Towles, would have stood. The statute which authorizes the assignment of bonds, notes, &c., not only provides that the obligor or promisor, shall be entitled to all discounts against the assignee, or original obligee or payee, before notice of the assignment, but also expressly provides "that nothing in the act, shall be so construed as to change the *nature of the defence, either in law or in equity*, that any defendant or defendants may have against an assignee or assignees, or the original assignor or assignors."

If the unsatisfied lien of the heirs would have been an equitable defence against Towles, the assignor, and it was the right and duty of Higgins to assert it, after notice thereof, by the statute, it is an equitable defence against the note, in the hands of Hunt, the assignee, and equally the right and duty of Higgins to assert it, and in case of his failure to do so after notice, he could not claim to be an innocent purchaser, so as to shield himself from the equity of the heirs. Hunt, the assignee, took the note with a full knowledge of the law, and consequently with full notice that he could take it only subject to all equities that might be asserted against it in the hands of Towles, and has therefore no right to complain. Besides, he might, by inquiry of Towles or others, have ascertained what was the consideration of the note, and ascertaining that it was land sold, upon further inquiry, might have ascertained whether the land had been paid for by Towles or not. But without such infor-

The assignee of a note under our statute, takes it subject to all the defences at law or in equity, which could be set up against it in the hands of the assignor.

mation, as he is made by the statute, subject to the equi-
table defence which Higgins, after notice of the lien had
a right to assert against Towles, his equity is not better,
nor can he claim to occupy a better condition than Towles.

The decree of the Circuit Court is therefore affirmed,
with costs and damages.

*Robinson & Johnson* for appellant: *Smiths* for appel-
lees.